IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| OASIS GIN, INC., § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| PENN MILLERS INSURANCE COMPANY, § | |
|     Defendant. § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff, Oasis Gin, Inc., files this Original Complaint and would show:

### PARTIES

1. Plaintiff, Oasis Gin, Inc. is a Texas Corporation with its principal place of business in Lubbock, Texas. The property that is the subject of this lawsuit is located in Seminole, Gaines County, Texas.

2. Defendant, Penn Millers Insurance Company ("Penn Millers"), is a Pennsylvania Corporation, with its principal place of business located at 72 N. Franklin St, Wilkes-Barre, PA 18773. It can be served with process through its agent for service of process, CT Corporation System, 1999 Bryan St, Ste 900, Dallas, TX 75201-4284.

### JURISDICTION AND VENUE

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Penn Millers is a citizen of Pennsylvania. Oasis Gin is a citizen of Texas. An actual controversy exists which arises from damage to Oasis Gin's real and personal property in Seminole, Texas. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

5. Plaintiff and Defendant entered into an insurance contract identified as Policy PAC 2606282-01 (the "Policy"). The Policy covered, among other causes of loss, fire losses which occurred between March 1, 2018 and March 1, 2019. On September 4, 2018, Plaintiff and Defendant amended the Policy to include the real and personal property located at 1760 CR 306, Seminole, TX 79360 (hereinafter the "Ocho Gin"). The Ocho Gin was insured for $10,312,050 in replacement cost value for the Building, and $2,000,000 in Income Coverage. Supplemental coverages were included in the Policy for "Additional Debris Removal," "Fire Department Service Charge," and other items, which increased the total coverage limit for the Property.

6. On September 18, 2018, the Ocho Gin was destroyed due to a catastrophic fire. Plaintiff immediately reported the loss to Defendant who accepted coverage and assigned an adjuster, Todd Glover. Glover retained Kip Duke with Industrial Loss Consulting and Mike Sutton with Midwest Claims to help the investigation of the costs to repair and replace the damaged property. At all times thereafter, Glover, Duke, and Sutton acted as agents for Defendant.

7. Glover, Duke, and Sutton have each verbally admitted their belief that the replacement cost of the insured property exceeds the coverage limit of the Policy and that Defendant should pay the limits under the Policy.

8. Plaintiff provided Defendant with a sworn proof of loss, dated October 24, 2018, at Defendant's request and numerous subsequent sworn proofs of loss.

9. Plaintiff has provided documentation to Defendant identifying all amounts incurred for the replacement of the damaged Property. To date, Defendant has made untimely payment for only $7,025,000 in Building damages, and $2,000,000 in Income Coverage, but has refused to make payment for additional liquidated amounts owed under the Policy. Oasis Gin has provided to Penn Millers all information necessary to pay the claim. All prerequisites under the Policy have been met.

A. Failure to Timely Pay Liquidated Damages

10. Texas Insurance Code 862.053 states, "A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. This subsection does not apply to personal property."

11. The Policy contains an Amendatory Endorsement for required changes for policies issued in the state of Texas, which states:

> Under Valuation, the following provision is added: Total Loss -- In accordance with Texas Insurance Code Section 862.053, a fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this section shall not apply to personal property.

The Policy also requires that Defendant notify Plaintiff in writing within 15 business days of Notice of the claim whether or not the claim would be accepted and pay the claim within 5 business days of acceptance, thereof.

12. Under Texas law, gin equipment and fixtures are considered real property for purposes of a fire insurance policy. *Exp. Ins. Co. of New York v. Axe*, 58 S.W.2d 39, 40 (Tex. Comm'n App. 1933).

13. Because the loss was a total fire loss, Defendant was contractually and statutorily required to pay the full liquidated value of the Policy within 20 business days of notice of the loss.

Defendant breached the Policy and the requirements of the Texas Insurance Code by failing to timely make liquidated payment.

B. *Misrepresentation of Material Policy Provisions*

14. On October 31, 2018, Angie Brumley, the Office Manager for Oasis Gin, sent an e-mail to Glover, Duke, and Sutton requesting direction on how to proceed with submitting repair estimates to the insurer under the Policy. The e-mail states:

> I was needing to see how we need to submit the invoices we are having to pay as we proceed with the repair work at the [Ocho Gin] due to the fire. Can you please advise how you would like these submitted for payment. As we go or, do I need to keep a running total of everything? Please let me know how you would like this handled.

15. On November 6, 2018, Sutton responded on behalf of Defendant, stating:

> Hold onto your receipts right now. Once the actual cash value payment is issued we can go over the procedures for tracking the receipts and expenditures and the way to report and present them that makes it understandable to all of us.

16. The Policy states:

> Volunteer Payments -- "You" must not, except at "your" own expense, voluntarily make any payments, assume any obligations, pay or offer any rewards, or incur any other expenses except as respects protecting property from further damage.

17. On May 29, 2020, Glover sent a letter on behalf of Defendant denying coverage for amounts incurred by Plaintiff in replacing the damaged Property on the basis that Plaintiff's payments were "voluntary" despite complying with the direction of Defendant's agent Sutton. Sutton's directions on how to submit invoices in light of Defendant's subsequent denial of the claim constitute a direct misrepresentation of a material provision of the Policy in violation of Texas Insurance Code 541.060(a)(1).

18.     Glover's reliance upon prior submission of invoices or bids as a condition precedent to Defendant's liability for payment of the replacement cost for the fire damages also violates Texas Insurance Code section 862.054, which provides:

> Unless the breach or violation contributed to cause the destruction of the property, a breach or violation by the insured of a warranty, condition, or provision of a fire insurance policy or contract of insurance on personal property, or of an application for the policy or contract:
> (1)  does not render the policy or contract void; and
> (2)  is not a defense to a suit for loss.

C.  *Misrepresentation of Material Facts Regarding Coverage*

19.     Glover's May 29, 2020 letter states, "The sum payments of $9,025,000 addresses all of the available Income Coverage and the costs associated with the property damage attributable to this claim." At the time that Glover made this statement on behalf of Defendant, he had previously communicated to both Angie Brumley and Kirby Ingram his belief that the invoices necessitated a policy limits payment by Defendant. Thus, Glover's statement constitutes a misrepresentation of material facts regarding coverage in violation of Texas Insurance Code section 541.060(a)(6).

20.     Defendant's failure to acknowledge its obligations to pay liquidated damages and continuing requests for the insured to comply with contractual obligations that are abrogated by statute, including but not limited to Penn Millers's requests for additional proofs of loss, requests for submission of bids prior to performing the work, and demands for appraisal[1], also constitute misrepresentations of material facts regarding coverage in violation of the statute.

---

[1] "Where the loss is total, the statute renders inoperative any agreement for an appraisement or arbitration of the amount lost." 46 Tex. Jur. 3d Insurance Contracts and Coverage § 902.

D. *Failing to Provide a Reasonable Explanation of a Coverage Decision*

21. Glover's May 29, 2020 letter states:

> You have since sent documentation detailing your claimed cost of repairs that total $10,174,532.41. However, you also stated that your actual costs exceed $14,000,000 and have made a demand for the remaining building and business personal property limits under the policy.
>
> Since that time you presented and we discussed the final invoices from Samuel Jackson, Lubbock Electric, WR Industrial, and Brandon & Clark. Based on our review their costs are well above what was previously agreed to with Mr. Taubert. We disagree with the amount of monies paid voluntarily to these contractors in excess of the agreed amount.

22. Defendant's denial of payment for liquidated damages without any explanation as to its basis for denial, including whether Defendant disputed the scope of work performed, valuation of the replacement cost, or coverage for the amounts incurred under the Policy, constitutes a failure to provide a reasonable explanation of Defendant's coverage decision.

E. *Refusing to Pay a Claim Without Conducting a Reasonable Investigation*

23. After denying coverage for amounts incurred and receipt of Plaintiff's Texas Insurance Code demand letter, Defendant (on August 11, 2020 and August 20, 2020) requested additional information clarifying the changes in the scope of work and the supplemental coverages which are applicable to the loss. Such a request constitutes an admission that Defendant failed to obtain all necessary information to perform a reasonable investigation of its payment obligations under the Policy prior to denying coverage for the remaining amounts owed as part of the claim.

## CAUSES OF ACTION

24. **Breach of Contract.** Oasis Gin incorporates the allegations of paragraphs 5-23 the same as if fully set forth herein. Oasis Gin and Penn Millers entered into an insurance contract identified as the Policy. Oasis Gin complied with all provisions of the insurance policy, including but not limited to payment of the premiums and timely notice of the loss. Penn Millers breached a material

provision of the contract by refusing to pay replacement cost and liquidated damages owed under the Policy after a Covered Cause of Loss. Oasis Gin was damaged by Penn Millers's breach.

25. **Violations of the Texas Insurance Code.** Oasis Gin incorporates the allegations of paragraphs 5-23 the same as if fully set forth herein. Penn Millers failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060. Specifically, Penn Millers:

a. Misrepresented to Oasis Gin material facts and policy provisions related to coverage at issue, including but not limited to:

   1) Misrepresenting the procedure for submitting estimates and invoices;
   2) Misrepresenting the replacement cost of damaged Property;
   3) Misrepresenting Penn Millers deadlines to act and to make payment under the Texas Insurance Code and Policy;
   4) Misrepresenting that it had completed its investigation when it had not;
   5) Misrepresenting the findings of its agents;
   6) Misrepresenting the insurer's obligation to pay liquidated damages; and,
   7) Misrepresenting the terms of the Policy.

b. Performed unfair methods of competition and unfair and deceptive acts or practices, including but not limited to:

   1) Making untrue statements of material fact, including statements about the amount of damage and coverage for damage;
   2) Failing to state material facts necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    3) Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    4) Making a material misstatement of law; and

    5) Failing to disclose a matter required by law to be disclosed.

c. Failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

d. Failed to promptly provide Oasis Gin a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

e. Failed within the deadlines required under Texas Insurance Code chapter 542 and the Policy to affirm coverage of the claim and to pay the claim; and

f. Refused to pay the claim without conducting a reasonable investigation with respect to the claim.

26. These Unfair Settlement Practices caused direct damages to Oasis Gin, including the loss of Policy benefits and independent injuries in the form of damages in excess of Policy limits, which would not have been incurred absent Penn Millers's delays and misrepresentations. Oasis Gin is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code section 541.152.

27. Further, Penn Millers committed unfair settlement practices in violation of Texas Insurance Code chapter 542, running from the earliest of its violations, by:

a. Failing to, within 15 days (or 30 days for a surplus-lines insurer) of September 18, 2018, request from Oasis all items, statements, and forms that Defendant reasonably believed would be required, including a sworn proof of loss (542.055);

    b. Failing to pay liquidated damages due within 5 business days (or 20 business days for a surplus-lines insurer) of receipt of the information necessary to pay the claim (542.057) which was deemed as a total loss pursuant to TIC 862.053; and

    c. Failing to pay the claim in whole within 75 days (90 days for a surplus-lines insurer) after notice of the claim (542.058) on September 18, 2018.

28. Under Texas Insurance Code 542.060, Oasis Gin is entitled to a 10.5% per annum penalty on the entirety of the amounts due under the Policy, starting at the earliest violation of chapter 542[2] and running until the date of judgment, as well as its attorney's fees and court costs.

## ATTORNEY'S FEES

29. **Attorney's Fees.** As a result of Penn Millers's failure to pay the amounts due and owing under the policy, Oasis Gin retained the undersigned counsel. Oasis Gin agreed to pay the undersigned counsel a reasonable fee. Oasis Gin is entitled to recover reasonable and necessary attorney's fees incurred in the prosecution of this action under Texas Civil Practice & Remedies Code chapter 38 and Texas Insurance Code sections 541.152 and 542.060.

## JURY DEMAND

30. **Jury Demand.** Oasis Gin demands a jury.

## PRAYER

31. Oasis Gin prays that Penn Millers be cited to appear and answer herein and upon hearing that Oasis Gin recover judgment against Penn Millers for the following:

    a. Actual damages;

    b. Attorney's fees for services rendered and that are allowed by law;

    c. Post-judgment interest and costs;

---

[2] Twenty business days after the date of loss, or alternatively, twenty days after receipt by Defendant of the sworn proof of loss dated October 24, 2018.

    d.    Treble damages and exemplary damages as allowed by law;

    e.    Penalties and interest as allowed by law; and

    f.    All other relief to which Plaintiff may show itself entitled in law or in equity.

    Respectfully Submitted,

/s/ Benjamin D. Doyle
BENJAMIN D. DOYLE
State Bar No.: 24080865
**STOCKARD, JOHNSTON BROWN & NETARDUS, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com
**ATTORNEYS FOR PLAINTIFF**